

**Steven J. Moser**
Tel: 516.671.1150 x 9
Direct: 631.759.4054 (voice, text & fax)
smoser@moseremploymentlaw.com

October 8, 2019

**VIA ECF**

Hon. James Orenstein, USMJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers: Room 1227 South. Courtroom 11D South
Brooklyn, NY 11201

RE: *Valencia v. Nassau Country Club*, 18-cv-02724-LDH-JO
Submission of FLSA Settlement for Review

Dear Judge Orenstein:

I represent the Plaintiff in the above referenced FLSA matter. I hereby submit a settlement Agreement and Release (Exhibit 4) for the Court's consideration and review.

**Nature of claims.** Plaintiff commenced this action on May 8, 2018. Compl., ECF No. 1. The Plaintiff maintained the grounds of the Nassau Country Club, a private golf course located in Glen Cove New York from 2008 until August 2017. He was provided with meals and lodging by the Defendant. The complaint alleges that the Defendant failed to include the value of meals and lodging in the Plaintiff's regular rate, and thus violated the overtime provisions of the FLSA and the New York Labor Law. See Compl. ¶¶ 10-14.

**Nature of defenses asserted by Defendant.** In addition to asserting a good faith defense to liquidated damages, the Defendant asserted that it was an exempt recreational establishment under the provisions of 29 U.S.C. §213(a)(3), which is incorporated into the New York Labor Law by virtue of 12 NYCRR 142-2.4; *see also Brock v. Louvers & Dampers, Inc.,* 817 F.2d 1255, 1256 (6th Cir. 1987)(finding that a private golf club that meets the seasonality test is an exempt recreational establishment). The Defendant also asserted that that the shared room furnished to the Plaintiff was primarily for the benefit of the employer.

**Monetary Value of Claims.** The rental value of a rented room in Glen Cove is approximately $500/month. Mr. Valencia shared the room with another employee. Based upon a rate of $250 per month for the shared room, and reviewing the pay stubs (which reported the value of the meals furnished to the Plaintiff as income) we computed the additional overtime which possibly could be owed due to the increase in the regular rate as follows,



| | |
|---|---|
| Housing | \$5,802.00[1] |
| Meals | \$2,312.00[2] |
| Total | \$8,114.00 |

If the Defendant was successful in asserting the recreational establishment exemption, the Plaintiff would get nothing. If the Defendant was successful in asserting that the housing was not provided for the Plaintiff's primary benefit, the total additional overtime owed to Mr. Valencia would be approximately \$2300.

The retainer agreement between the Plaintiff and the Moser Law Firm, P.C. calculates attorneys' fees of 1/3 of the amount recovered, or an hourly rate, whichever is greater, as well as costs and expenses. Attorneys' fees are \$13,322.50[3] and costs are \$420.00, for a total of \$13,724.50.

**Arm's Length Negotiations.** Both the Plaintiff and Defendant were represented by counsel experience in FLSA matters. The matter was settled, subject to Court approval at a mediation with Roger Briton, Esq., an experienced FLSA mediator, on June 10, 2019.

**Settlement terms.** A copy of the settlement agreement is annexed hereto as Exhibit 4. Under the terms of the settlement agreement, Plaintiff will receive the sum of \$5,000.00. Attorney's fees in the amount of \$8,250.00 are payable to Plaintiff's counsel.

The Second Circuit has held that the FLSA is an "applicable federal statute" within the meaning of Rule 41(a)(1)(A)(ii), thus preventing parties from dismissing claims under Rule 41. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In *Cheeks*, the Second Circuit gave examples of proposed settlements which "highlighted the potential for abuse." 796 F.3d at 206. These included (1) confidentiality provisions, (2) overbroad releases, (3) restriction of Plaintiff's attorneys'' right to represent other employees of the Defendant, (4) the payment of attorneys' fees in excess of 1/3 of the amount recovered without adequate billing records, and (5) cases in which Plaintiffs accepted small monetary payments out of a desperate financial need. *See Cheeks*, 796 F.3d at 206.

None of the objectionable characteristics highlighted by the Second Circuit are present in this case.

The Plaintiff therefore submits this settlement agreement for the Court's review and consideration.

---

[1] *See* Exhibit 1.
[2] *See* Exhibit 2.
[3] *See* Exhibit 3.

Moser Law Firm, P.C.

Letter Submitting FLSA Settlement to
Hon. James Orenstein, USMJ
October 8, 2019
Page 3 of 3

Respectfully submitted

*s/ Steven J. Moser*

Steven John Moser

3 School Street, Suite 207B, Glen Cove, New York 11542
www.moseremploymentlaw.com