UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HECTOR VALENCIA,

                Plaintiff,

    v.

NASSAU COUNTRY CLUB,

                Defendant.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

18-cv-02724 (LDH) (VMS)

---

LaSHANN DeARCY HALL, United States District Judge:

## BACKGROUND

On October 8, 2019, Plaintiff filed a proposed settlement in his Fair Labor Standards Act ("FLSA") action for court review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF No. 20.) The Court referred the motion to Magistrate Judge Orenstein on October 9, 2019. On October 19, 2020, Magistrate Judge Orenstein filed a report and recommendation ("R&R"), recommending the Court reject the proposed settlement and advised the parties that it would find it reasonable to allocate the amount of $8,114.00 in claimed unpaid wages to Plaintiff and the remaining $5,136.00 ($4,736.00 in fees plus $400.00 in costs) to Plaintiff's counsel.[1] (R&R, ECF No. 25.) Plaintiff objects and requests that the current settlement be approved in its entirety, or, in the alternative, that the settlement be approved upon the condition that the amount payable as attorney's and costs be reduced to $7,877.56 and the amount payable to the Plaintiff be increased to $5,372.44. (Pl.'s Obj. R&R ("Pl.'s Obj."), ECF No. 26.)

---

[1] On November 10, 2020, this case was reassigned to Magistrate Judge Scanlon.

1

**STANDARD OF REVIEW**

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

**DISCUSSION**

On October 8, 2019, the parties asked the court to approve a settlement in the total amount of $13,250, with $5,000 to be allocated to Valencia and the remaining $8,250 to Valencia's counsel. (R&R 1.) Magistrate Judge Orenstein found the overall settlement amount was "fair and reasonable," but took issue with the reasonability of the award of attorney's fees. (*See* R&R). Accordingly, Magistrate Judge Orenstein reduced counsel's hourly rate and calculated the reasonable lodestar as $11,497.50. (R&R 4.) Against this backdrop Magistrate Judge Orenstein determined that the proposed agreement allocated just under 60 percent of the total settlement amount to counsel as his fee. (*Id.* (citing *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020)). Magistrate Judge Orenstein observed that while there is "no legal limit on the percentage of a settlement fund that an attorney may claim as fees in a case under the FLSA, and district courts should not, in effect and practice, implement such a limit . . . that does not mean a court has no role to play in reviewing a proposed fee that eats up most of a proposed settlement[.]" (*Id.* 5.) After evaluating the resources spent litigating the case before reaching an

agreement to settle it, and the results counsel achieved for Plaintiff, Magistrate Judge Orenstein recommended that the Court reject the proposed settlement. (*Id.* 5-8.) Magistrate Judge Orenstein recommended that the Court "advise the parties that it would find it reasonable to allocate the full amount of $8,114.00 in claimed unpaid wages to Valencia and the remaining $5,136.00 to Moser in attorney's fees and costs." (*Id.* 8.)

In objecting to the R&R, Plaintiff argues that the Magistrate Judge Orenstein's analysis is in tension with the Second Circuit's recent decision in *Fisher*. (Pl.'s Obj. 4 (citing 948 F.3d at 602-03).) In *Fisher,* the parties sought approval of the settlement agreement, which provided for $23,000 of the settlement amount to be paid to counsel for fees and costs and $2,000 to be paid to plaintiff. 948 F.3d at 597. There, the plaintiff's maximum possible recovery was $11,170; however, the district court awarded the plaintiff $15,055, which constituted 60.22% of the settlement amount, while awarding his counsel $8,250 in fees, or 33% of the total settlement amount, and $1,695 in costs. *Id.* More specifically, the district court reduced the amount the settlement allocated to attorney's fees "after holding that as a matter of policy, 33% of the total settlement amount -- or less -- is generally the *maximum* fee percentage which is typical and approved in FLSA cases." *Id.* at 602 (emphasis in original) (internal quotations and modifications omitted). The Second Circuit reversed, finding that the district court abused its discretion in limiting counsel's fee to 33%. *Id.* In remanding, the Second Circuit instructed that "the reasonableness of the fees does not turn on any explicit percentage cap," and instead, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* at 606. Nevertheless, while the percentage of attorney's fees cannot be "determinative," it can be "helpful." *Id.* at 603.

3

Here, the proposed settlement was valued at 62% of the total of attorneys' fees and costs and Plaintiff's lost overtime wages. (Pl.'s Obj. 3.) By the terms of the proposal, both Plaintiff and his counsel received 62% of what they would be entitled (excluding any claim for liquidated damages for Plaintiff), thus sharing the cost of the settlement in equal proportion. (*See id.*) Plaintiff argues that in relying on pre-*Fisher* authority, Magistrate Judge Orenstein improperly focused on the proportionality of Plaintiff's counsel's fee as measured against Plaintiff's recovery intimating that Magistrate Judge Orenstein improperly limited any attorney's fee award to 33% of the settlement amount. (*Id.* 4.) Plaintiff's argument is overstated. As Magistrate Judge Orenstein noted, while a court may not artificially cap attorney's fees at 33% of the total settlement it may nonetheless consider that percentage, among other things in assessing the reasonableness of the attorney's fee award. (R&R 5.)

Here, the R&R's analysis of the percentage of the settlement fund awarded to Plaintiff's counsel is not misplaced, as it is not considered the determinative factor. (*Id.* 4-7.); *see Strauss v. Little Fish Corp.*, No. 19-CV-10158 (LJL), 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (explaining that the fact that counsel's fee is limited to one-third of the aggregate settlement consideration, while not dispositive, can be considered as a helpful factor); *Rojas v. Three Decker Rest., Ltd.*, No. 19-CV-8592 (LJL), 2020 WL 3182773, at *2 (S.D.N.Y. June 15, 2020) ("Counsel's fee is limited to one-third of the aggregate settlement consideration, a factor that is helpful but not determinative."). The R&R properly analyzes the quality of the results achieved for Plaintiff by his counsel. (R&R 7.) Specifically, while Plaintiff was owed $8,114.00 in unpaid overtime wages, had Plaintiff prevailed at trial, Plaintiff would also have been entitled to the same amount in liquidated damages, for a total of $16,224.00. (*Id.*) Thus, the R&R reasoned that court review of any award to Plaintiff needed to take into account the total possible

4

recovery. (*Id.*) In response, Plaintiff argues that Defendant had asserted a "good faith" defense to liquidated damages and had argued that it was exempt from FLSA as a "recreational establishment." (Pl.'s Obj. 2.) Therefore, any recovery—and certainly recovery for liquidated damages—was not a foregone conclusion. (*Id.*) The R&R specifically contemplated the recreational establishment exemption and notes that counsel described only 0.8 hours as being devoted to research of the recreational exemption, suggesting that it was not a meaningful aspect of the representation. (*See* R&R 6 n.3.) And, the R&R's recommendation accounts for the fact that liquidated damages were not a foregone conclusion by advising that a reasonable award would only reflect Plaintiff overtime. (R&R 7-8.)

Of course, a district court may not simply rewrite the terms of a settlement agreement. *Fisher,* 948 F.3d at 605. However, it may "advise the parties what it would find reasonable and give them an opportunity to reach a new agreement." *Id.* at 607. On *de novo* review, the Court finds that the R&R's recommendation as to what type of a settlement it might find reasonable—allocating $5,136.00 to Plaintiff's counsel and $8,114.00 to the Plaintiff—is sound. Plaintiff's argument that such an award would constitute a windfall to Plaintiff at Plaintiff's counsel's expense is offered without any legal support, and therefore is not persuasive. (Pl.'s Obj. 4.)

## CONCLUSION

For the foregoing reasons, Magistrate Judge Orenstein's R&R recommending that the court reject the proposed settlement and advise the parties that it would find it reasonable to allocate the amount of $8,114.00 in claimed unpaid wages to Plaintiff and the remaining $5,136.00 to Plaintiff in attorney's fees and costs is ADOPTED in its entirety as the opinion of this Court. The parties shall submit a second proposed settlement for *Cheeks* review with thirty (30) days of this memorandum and order.

SO ORDERED.

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

Dated: Brooklyn, New York
      November 23, 2020