## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Agreement") is made and entered into on the
___ day of February 2021 by and between Hector Valencia ("Plaintiff") and Nassau Country Club
("NCC" or "Defendant").  Plaintiff and Defendants are collectively referred to herein as the
"Parties."

<u>W I T N E S S E T H</u>:

**WHEREAS**, on or about May 8, 2018, Plaintiff commenced a civil action, entitled *Hector
Valencia individually, and on behalf of the FLSA Collective v. Nassau Country Club*, United States
District Court, Eastern District of New York, Docket No. 2:18-cv-02724 (the "Action"), alleging
that Defendant failed to pay wages in accordance with the Fair Labor Standards Act and the New
York Labor Law.  Plaintiff is seeking, among other relief, compensatory damages, liquidated
damages, and attorneys' fees and costs;

**WHEREAS**, Defendant filed an Answer in the Action denying the material allegations
asserted by Plaintiff in the Action and asserting a number of affirmative defenses; and

**WHEREAS**, the Parties to the Action now desire to settle fully and finally all employment-
related claims and possible employment-related claims that Plaintiff had, has or may have against
Defendant, including but not limited to those claims embodied in the Complaint, without further
litigation and without any finding of fact or admission of liability, wrongdoing or fault.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements herein
contained, the Parties agree as follows:

1)      **<u>Non-Admissions of Liability.</u>**  This Agreement shall not in any way be construed
as an admission by the Defendants of a violation of any rights of Plaintiff.  NCC, and its parents,
affiliates, subsidiaries, officers, directors, supervisors, employees, agents, heirs, executors,

1

administrators, assigns, beneficiaries, and representatives, expressly denies violating any rights of Plaintiff based on federal, state or local law pertaining to employment or wages or any other basis and expressly deny any liability to Plaintiff.  Accordingly, while this Agreement resolves all employment-related issues between Plaintiff and Defendant, this Agreement compromises disputed claims, and is not an admission by any party as to the merits of such claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

2)     **Payment.**   In complete settlement of any and all employment-related wage claims, including claims for actual, compensatory, liquidated or other damages, as well as attorneys' fees and costs that Plaintiff had, has or may have against the Defendant, and its parents, affiliates, subsidiaries, officers, directors, supervisors, employees, agents and representatives and in consideration for the promises and obligations set forth herein, Plaintiff's counsel shall receive a total gross sum of Thirteen Thousand Two Hundred and Fifty Dollars ($13,250.00) ("Amount") thirty (30) days after approval of this Agreement by the Court and dismissal of this Action.

(a) A check in the amount of Four Thousand Fifty Seven Dollars  ($4,057.00) shall be made payable to "Hector Valencia" which represents settlement of Plaintiff's claims for wages, and which, accordingly will be subject to withholdings of income and payroll taxes.  With regard to this payment, the Company will issue a W-2 form to Plaintiff.

(b) A check in the amount of Four Thousand Fifth Seven Dollars ($4,057.00) shall be made payable to "Hector Valencia" which represents liquidated damages and

penalties and, accordingly, from which no withholdings will be made.  With regard to this payment, the Company will issue an IRS FORM 1099 to Plaintiff.

(c) A check in the amount of Five Thousand One Hundred Thirty Six Dollars ($5,136.00) shall be made payable to "Moser Law Firm, P.C." in settlement of all claims for attorneys' fees and costs.  With regard to this payment, Plaintiff's attorney shall receive an IRS FORM 1099 reflecting such payment.

(d) Plaintiff agrees that, in the event any local, state or federal agency or court determines that any portion of said sum is subject to the additional payment of taxes, it shall be solely Plaintiff's responsibility to pay such taxes and Plaintiff hereby holds the Defendant harmless from such taxes and hereby agrees to indemnify the Defendant against any liability for such taxes and any resulting penalties or interest, except for Defendant's portion of FICA and FUTA, if any.

(e) Defendant shall not be required to make any payments under this paragraph unless and until the Court approves and "So-Orders" the Stipulation of Dismissal referenced in paragraph 10 of this Agreement.

3)   **Plaintiff's Release.**   Plaintiff, on behalf of himself and his heirs, executors, administrators, assigns, agents and beneficiaries, if any, hereby releases the Defendant, and its parents, affiliates, subsidiaries, officers, directors, supervisors, employees, agents, heirs, executors, administrators, assigns, beneficiaries and representatives (collectively the "Releasees"), from any and all legal, equitable or other claims related to wages paid to Plaintiff and hours worked by Plaintiff during his employment, including claims under the Fair Labor Standards Act and New York Labor Law, and claims relating to, or arising under, any other federal, state, or local statute or regulation that concerns hours worked, the payment of wages, and related record-keeping or

notice requirements.  Plaintiff further waives any and all claims for bonuses, commissions, vacation pay, employee fringe benefits, reimbursement of expenses, and/or attorneys' fees and/or costs related to such claims.

4)  **Entire Agreement.** This Agreement represents the entire understanding between the Parties hereto, and fully supersedes any and all prior agreements or understandings between them, whether written or oral.  The Parties agree that, other than as provided in this Agreement, they have no further obligation of any kind to one another except as contained in this Agreement.

5)  **Changes To Agreement.** This Agreement may not be changed, amended, modified or terminated except by a written instrument signed by each of the Parties to this Agreement.

6)  **Severability.** In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

7)  **Applicable Law.** This Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of New York.

8)  **Acknowledgment.**  Plaintiff acknowledges that the consideration provided to him under this Agreement is in addition to anything of value to which he is already entitled to receive and that he would not receive said consideration but for his execution of this Agreement.  Further, Plaintiff acknowledges that he has consulted with his attorneys from Moser Law Firm, P.C. in connection with this Settlement Agreement and Release; that Plaintiff knows and understands the binding effect of this Agreement and that Plaintiff voluntarily and knowingly agrees to the terms

4

of this Agreement, and any waivers he has made herein are knowing, voluntary, conscious and with full appreciation that he is forever foreclosed from pursuing any of the rights so waived.

9)   **Waiver.**   By signing this Agreement, Plaintiff acknowledges that:

   a)   He has carefully read, and understands, this Agreement;

   b)   He understands that this Agreement is **LEGALLY BINDING** and by signing it he gives up certain rights;

   c)   He has been given sufficient time to consider his rights and obligations under this Agreement;

   d)   He has voluntarily chosen to enter into this Agreement and has not been forced or pressured in any way to sign it;

   e)   He **KNOWINGLY AND VOLUNTARILY RELEASES** the Defendant, and its parents, affiliates, subsidiaries, officers, directors, supervisors, employees, agents, heirs, executors, administrators, assigns, beneficiaries and representatives, from any and all employment-related wage claims he may have, known or unknown, in exchange for the payments and benefits he has obtained by signing, and that these payments and benefits are in addition to any benefit he would have otherwise received if he did not sign this Agreement;

   f)   The Release in this Agreement includes a **WAIVER OF ALL RIGHTS AND CLAIMS** he may have under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.* and/or the New York Labor Law §§ 190 *et seq.* and §§ 650 *et seq.*; and

   g)   This Agreement does not waive any rights or claims that may arise after this Agreement is signed and becomes effective, which is when the Court approves and "So-Orders" the Stipulation of Dismissal referenced in paragraph 10 of this Agreement.

10)   **Stipulation of Discontinuance.**   Simultaneously with the execution of this Agreement, counsel for Plaintiff and the Defendant shall execute a Stipulation of Dismissal With Prejudice in the Action, in the form attached hereto as Exhibit "A," which stipulation shall be filed with the Court by counsel for the Defendant.

11)   **Execution in Counterparts.**   This Agreement may be executed in counterparts and/or by facsimile or other electronic transmission, each of which when executed shall be deemed

to be an original and all of which together shall constitute a single instrument binding upon the Parties.

     12)    **<u>Signatures.</u>**  The Parties hereby signify their agreement to the above terms by their signatures below.

**[SIGNATURE PAGES FOLLOW]**

**Nassau Country Club**

By:_____        Date:  _____
     Name:
     Title:


_____        Date:  _____
Hector Valencia



**[END OF SIGNATURE PAGES]**

**EXHIBIT "A"**
**<u>Stipulation of Dismissal</u>**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

Hector Valencia individually, and on behalf of the    :
FLSA Collective,    :
   :    <u>Docket No.</u>:
   :    2:18-cv-02724 (LDH) (JO)
               Plaintiff,    :
     -against-    :    **DISMISSAL WITH PREJUDICE**
   :    <u>**F.R. Civ. P. 41**</u>
Nassau Country Club,    :
               Defendant.    :
   :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys of record, that the above-captioned action is hereby dismissed in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements to any party; however, if Defendant fails to make timely payment under the Settlement Agreement and Release, Plaintiff shall be entitled to vacate this Dismissal and restore the action to active status upon application made within 45 days hereof; and

       **IT IS HEREBY FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts, and facsimile signatures shall have the same force and effect as an original.

Dated: _____ ___, 2021

MOSER LAW FIRM, P.C.                    FARRELL FRITZ, P.C.

By: _____           By: _____
      Steven J. Moser                       Domenique Camacho Moran
*Attorneys for Plaintiff*                    Irene A. Zoupaniotis
3 School Street, Suite 207B           *Attorneys for Defendant*
Glen Cove, New York 11542         400 RXR Plaza
Tel.: (516) 671-1150                  Uniondale, New York 11556
                                       Tel.: (516) 227-0700

       **SO ORDERED:**

      _____
**Dated:_____, 2019**
         **Central Islip, New York**

9